NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EMMLEY COON, PETITIONER, v. DAVIS BAKING POWDER
COMPANY, RESPONDENT

For the petitioner, *George R. Milstein*.

For the respondent, *McCarter & English*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

That William Ortman, deceased, met with an accident arising out of and in the course of his employment with respondent on August 13th, 1927, at which time his wages were $19.12 per week. Said William Ortman died as a result of said accident on August 24th, 1927. At the time of said William Ortman's death he was about twenty years old and for many years prior thereto living with his grandmother and grandfather at 114 Summit avenue, Jersey City. His grandmother's name is Emmley Coon, who is the petitioner in this case, and his grandfather's name is William E. Coon, and their ages are, respectively, fifty-nine years and seventy-nine years. Said William Ortman, deceased's younger brother Frederick A. Ortman, aged fifteen years, was at the time of his brother's death, and for many years prior thereto and is at the present time residing at said address with his said grandparents, Mr. and Mrs. Coon. The grandparents, Mr. and Mrs. Coon, and the younger brother, Frederick A. Ortman, are partial dependents of the deceased, William Ortman. The mother of the deceased is living, but for the past sixteen years has neither lived with William Ortman, deceased, nor been associated with him in any way

and was never, in any way, supported by or dependent upon her said son, William Ortman.

Respondent has never questioned the compensability of this case and has paid compensation from the time said deceased was injured. Compensation payments were temporarily suspended for a time when there was a threat by the mother of the deceased to make some additional claim. That matter was thereafter straightened out and it clearly appeared to the satisfaction of this court, the full compensation board, and the parties and their attorneys, that the mother had no dependent's claim arising out of the death of this deceased. The settlement arrived at is for temporary disability from August 13th, 1927, to August 23d, 1927, at $12.77 per week, and for permanent compensation arising out of the death of the deceased for seventy-one and four-sevenths weeks at $8.62 per week, and two hundred and twenty-eight and three-sevenths weeks at $7.66 per week. Burial expenses are allowed and amount to $150, and a counsel fee of $125, to be paid petitioner's attorney by respondent was also agreed to. The temporary compensation, burial expenses and counsel fee have been paid. Forty-eight and four-sevenths weeks of the permanent compensation at the rate of $8.62 had already been paid by the respondent to the petitioner by the end of July, 1928. At a meeting of the full compensation board, held July 16th, 1928, commutation of $1,200 of the balance of the permanent compensation was allowed the petitioner. Under the direction of the compensation board this was taken from the front end of the compensation and has been paid the petitioner. This leaves a balance under the permanent compensation of eighty-five and three-sevenths weeks at $7.66 a week. Payment of this balance was suspended until the expiration of the weeks covered by the commutation, at which time the weekly payments are to be resumed and continued until said balance has been paid. This settlement is approved by this court.

\*      \*      \*      \*      \*      \*      \*

CHARLES E. CORBIN,
*Deputy Commissioner.*